UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL HOLLIDAY                                                                      PETITIONER

V.                                              CIVIL ACTION NO. 3:23-CV-3126-KHJ-MTP

BURL CAIN, et al.                                                                   RESPONDENTS

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [11] Report and Recommendation. The Court adopts it. The Court thus dismisses with prejudice Petitioner Michael Holliday's ("Holliday") [1] Petition for Writ of Habeas Corpus and denies his request for an evidentiary hearing.

I.     Background

Holliday is an inmate at the Central Mississippi Correctional Facility, serving a 30-year sentence for one count of statutory rape and one count of sexual battery—crimes which he committed against his minor daughter. [11] at 1, 3. After entering his plea and receiving his sentence, Holliday filed a petition for post-conviction relief ("PCR") in state court, arguing "the conviction and sentence were imposed in violation of [his] rights to due process of law, fundamental fairness, and the effective assistance of counsel." State Ct. R. [7-1] at 59 (cleaned up); [11] at 3 (cleaned up).

Holliday's PCR petition was dismissed as "collectively without merit." [7-1] at 127; [11] at 4. Among their findings, the trial court concluded that Holliday's guilty

plea was voluntary and knowing, he received a fair sentence, his victim-daughter was not required to give a "victim impact statement," he did not receive ineffective assistance of counsel, and his actual-innocence claim was baseless. [11] at 4; *see also* [7-1] at 94, 120–26.[1] Holliday then appealed, raising two issues that both involved whether he was entitled to an evidentiary hearing. Appellate Brief [7-3] at 5; [11] at 5. But the Mississippi Court of Appeals affirmed the trial court's denial of his PCR petition. *See Holliday v. State*, 375 So. 3d 1175 (Miss. Ct. App. 2023); [11] at 5. His motion for rehearing was then denied, *see id.*, and his Petition for Writ of Certiorari with the Mississippi Supreme Court was also unanimously denied. State Ct. R. [7-4] at 2; [11] at 5.

The next day, Holliday filed the [1] Petition currently before the Court. [11] at 5. In it, he "generally complains that the circumstances concerning his guilty plea warrant federal habeas review." *Id.* at 6. And he "asserts that his trial counsel was ineffective during plea negotiation proceedings, in questioning the victim (his daughter) at sentencing, and for failing to move to suppress investigatory statements." *Id.* He also claims "'actual innocence,' arguing that venue could not be proven because the sexual misconduct occurred in Georgia, not Mississippi." *Id.*

The [11] Report recommends dismissing the [1] Petition with prejudice and denying Holliday's request for an evidentiary hearing. [11] at 1, 26. It first notes

---

[1] As noted by the [11] Report, "[Holliday] 'repeatedly affirmed to the Court' that he understood the crimes for which he was being charged and that he understood the possible punishments for those crimes." [11] at 4 (quoting [7-1] at 121). And "the trial court thoroughly explained Holliday's guilty-plea consequences, and as the transcript reveals, he understood the length of time he might receive." *Id.* at 21. So he was "fully aware of his plea consequences." *Id.*

that "[b]ecause some of Hol[l]iday's claims are unexhausted and others are not, he has brought what is known as a 'mixed petition.'" *Id.* at 7. And normally these types of petitions are dismissed without prejudice, allowing a petitioner to exhaust state remedies on their unexhausted claims. *Id.* But "that rule does not apply where, as here, 'state procedural rules would prevent [Holliday] from subsequently raising his unexhausted claims in state court.'" *Id.* (quoting *Panetti v. Cockrell*, 73 F. App'x 78, 2003 WL 21756365, at *2 (5th Cir. 2003) (per curiam) (unpublished table opinion)).

The [11] Report also explains that Holliday "did not . . . summarize briefly the facts supporting each ground as requested in the petition." [11] at 5.[2] And his "failure to brief or argue his claims could provide an adequate basis [alone] for this Court to find that his claims have been waived or abandoned . . . ." *Id.* at 5–6; *see also id.* at 7–8 ("[T]he undersigned could recommend a denial of Holliday's [1] [P]etition solely 'on the basis of waiver for his failure to brief the grounds adequately (or at all).'" (quoting *Morris v. Cain*, No. 3:22-CV-280, 2023 WL 6884161, at *3 (S.D. Miss. July 31, 2023)).[3] Still, the Magistrate Judge chose to "provide a thorough review of Holliday's claims." *Id.* at 8.

First, Holliday procedurally defaulted on both his "suppression-motion" claim and his "actual-innocence-improper-venue" claim in his habeas petition because he failed to present either issue when on appeal before the Mississippi Supreme Court.

---

[2] Holliday stated only "see . . . above." [1] at 5.

[3] Holliday did not specifically object to this conclusion. *See* [14].

3

*Id.* at 8–13.[4] And because he failed "to clear the bar to federal habeas review . . . within the narrow exceptions," resurrecting the two claims, habeas relief may be denied with prejudice. *Id.* at 11–13.

The [11] Report concludes by addressing Holliday's remaining ineffective assistance of counsel claims. *Id.* at 13–25. Specifically, Holliday's PCR petition claimed his trial counsel was ineffective "by failing to achieve a timely plea offer, failing to advise him of his blind-plea consequences, and failing to marshal favorable testimony from the victim at his sentencing hearing." *Id.* at 13. These claims were adjudicated on the merits in the state court proceedings, where the trial court found these claims lacked merit. *Id.* at 13–14; *see also* 28 U.S.C. § 2254(d); [7-1] at 125. So Holliday is not entitled to habeas relief unless he can show that the decision of the state court "was contrary to federal law then clearly established in the holdings of the United States Supreme Court or that it involved an unreasonable application of such law; or that it was based on an unreasonable determination of the facts in light of the record before the state court." [11] at 14 (cleaned up); *see also* § 2254(d)(1)–(2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). And Holliday's trial counsel is granted a "strong degree of deference." [11] at

---

[4] Holliday did not "fairly present" either of these claims on appeal. *Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001) (cleaned up). With his "suppression-motion" claim, Holliday declined to "present any argument concerning his counsel's failure to move to suppress any statement made to [the] Investigator . . . on appeal before the Mississippi Supreme Court." [11] at 9. And with his "actual-innocence-improper-venue" claim, he "did not raise [the] issue in his appellate brief as grounds for relief before the Mississippi Supreme Court," "[d]espite having the opportunity to do so." *Id.* So these two claims are procedurally defaulted, and federal habeas review is barred. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *see also* [11] at 10–11 (citing Miss. Code Ann. § 99-39-23(6)). Holliday did not specifically object to this conclusion, either. *See* [14].

4

15 (quoting *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017)); *see also Strickland v. Washington*, 466 U.S. 668, 689–91 (1984) (describing judicial scrutiny of counsel's performance as "highly deferential" and explaining that "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" (cleaned up)).

Following two extensions of time, Holliday objected to the [11] Report. *See* Objs. [14]. Although the [14] Objections are mostly a regurgitation of Holliday's [10] Reply, the Court liberally construes them to include two specific objections: (1) that an evidentiary hearing is required and (2) that the Antiterrorism and Effective Death Penalty Act ("AEDPA") improperly restricts Holliday's entitlement to habeas relief. The Court addresses and overrules the objections. It then addresses and adopts the rest of the [11] Report.

II.     Standard

The Court reviews de novo the portions of the [11] Report to which Holliday objects. 28 U.S.C. § 636(b)(1). It reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

Neither must the Court consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (cleaned up). Holliday cannot "raise a factual objection by merely reurging

arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (cleaned up). And "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley*, 243 F.3d at 219 n.3 (cleaned up).

III.   Analysis

The Court first considers Holliday's objections. It then turns to the rest of the [11] Report.

   A.  Evidentiary Hearing

Holliday proclaims an evidentiary hearing is "required under all the facts and circumstances" presented by his case. [14] at 11. The [11] Report correctly rejected Holliday's argument. *See* [11] at 25–26.

In 28 U.S.C. § 2254(e)(2), the AEDPA specifies the stringent standard of when evidentiary hearings may be granted in habeas proceedings:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
>    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2254(e)(2). "In all but these extraordinary cases, AEDPA bars evidentiary hearings in federal habeas proceedings initiated by state prisoners." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (cleaned up).

In his [14] Objections, Holliday makes no mention of Section 2254(e)(2). Rather, he mostly re-urges many of his same arguments in favor of an evidentiary hearing. *Compare* [14] at 2–10, *with* [10] at 1–10. And again, he contests the state court's finding that his ineffective assistance of counsel claim was meritless because his plea was "knowing and voluntary," so he was not entitled to an evidentiary hearing. *Compare* [14] at 7–8 (stating "[t]his habeas court is hamstrung by the state court denial of an evidentiary hearing," "the Court of Appeals acted unreasonably by determining that Holliday's ineffective-assistance-of-counsel claim was meritless because he voluntarily and knowingly pled guilty," and "an evidentiary hearing will more accurately ferret out the facts") (cleaned up)), *with* [10] at 6–7 (similar). These arguments have been addressed. *See Edmond*, 8 F.3d at 293 n.7 (cleaned up). And this Court need not reiterate the findings. *See Koetting*, 995 F.2d at 40.

Even still, an evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims . . . ." *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998); *see also Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) ("If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts."). Because the Court has been able to

7

resolve all issues raised in this case by referring to the pleadings and the state-court record, *see* [11] at 13–26; *see also* Resp. [15] at 10–17, an evidentiary hearing would be redundant.

Holliday pled guilty. *See* § 2254(e)(2)(B). He presents no new, valid evidence showing ineffective assistance of counsel. And he shows no new rule of constitutional law that was previously unavailable or factual predicate that could not have been previously discovered within the [14] Objections. *See* § 2254(e)(2)(A). So the Court overrules Holliday's objection.

B.  AEDPA Restrictions

For the first time, in his [14] Objections, Holliday claims that there is a "factual basis for habeas relief," but the AEDPA has "subdued" federal habeas courts and Article III judges "from having any review opportunity to apply the U. S. Constitutional protections to assure that fundamental rights designed to assure a fair plea opportunity and sentencing hearing are evident from the record made in a state criminal proceeding." [14] at 1 (cleaned up). Ultimately, Holliday argues the AEDPA's "detailed requirements" have "prevent[ed] [h]abeas [c]orpus relief from [his] state court conviction." *Id.*

Because this issue is conclusory and raised for the first time in Holliday's [14] Objections, it is improper and thus overruled. *See Battle*, 834 F.2d at 421; *Finley*, 243 F.3d at 219 n.3.[5]

---

[5] Even if the claim were properly before this Court, it remains meritless: When Congress supplies a constitutionally valid rule of decision, federal courts *must* follow it. In AEDPA, Congress announced such a rule. Congress designed AEDPA to confirm that state

C. Remainder of the [11] Report

Holliday does not specifically object to the rest of the [11] Report. The remainder is not clearly erroneous, an abuse of discretion, or contrary to law. *See Wilson*, 864 F.2d at 1221. "Holliday's grounds for habeas relief are the very ones previously considered (and denied) in his state-court PCR petition," and in the [11] Report. [11] at 8. So based on the applicable AEDPA standard, the parties' arguments, the state court record, and the relevant case law, the Court adopts the [11] Report as its opinion.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS Magistrate Judge Michael T. Parker's [11] Report and Recommendation, DISMISSES Petitioner Michael Holliday's [1] Petition for Writ of Habeas Corpus with prejudice, and DENIES the request for an evidentiary hearing. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 25th of March, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

courts are the principal forum for asserting constitutional challenges to state convictions. AEDPA's deference to state court decisions means *deference*, not *de novo*. *Russell v. Denmark*, 68 F.4th 252, 273 (5th Cir. 2023) (cleaned up).